### In re RED WING TRUCKING SERVICES, INC., Debtor.

**Bankruptcy No. 89–00645.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Dec. 4, 1990.

Vincent J. Scott, Riverdale, Ga., pro se.

William Willson, Atlanta, Ga., trustee.

### ORDER

MARGARET H. MURPHY, Bankruptcy Judge.

This matter is before the court on the motion of Vincent J. Scott to disqualify the court for bias, to stay the proceedings and to strike the testimony of R.W. Whisman. For the reasons set forth below, Debtor's motions are denied.

Pursuant to 28 U.S.C. § 144, whenever a party to any proceeding makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice, "such judge shall proceed no further therein, but another judge shall be assigned to hear

such proceeding." Therefore, if Mr. Scott's affidavit is timely and sufficient, the undersigned cannot hear it or any other matter until another judge decides the motion for disqualification.

■ The undersigned can, however, rule on the legal sufficiency of the affidavit. *U.S. v. Merkt,* 794 F.2d 950 (5th Cir.1986); *Davis v. Board of School Commissioners of Mobile County,* 517 F.2d 1044 (5th Cir. 1975) [1]. For purposes of determining its sufficiency, the allegations in the affidavit must be taken as true. *U.S. v. Merkt, supra.* The legal sufficiency of the affidavit is determined by applying a reasonable man standard to the facts and reasons set forth in the affidavit. *Parrish v. Board of Commissioners of the Alabama State Bar,* 524 F.2d 98 (5th Cir.1975).

■ Alleged bias must be personal and it must stem from an extrajudicial source which would result in an opinion by a judge on the merits of a case reached on some basis other than what that judge learned from participation in the case. *U.S. v. Merkt, supra; U.S. v. Phillips,* 664 F.2d 971 (5th Cir. Unit B 1981).[2] A motion for disqualification may not ordinarily rely on a judge's rulings in the same or related case. *Id.* The only exception to the principle that bias be extrajudicial is where the record evidences pervasive bias and prejudice of judge. *Davis, supra; U.S. v. Phillips, supra.*

■ In the instant case, Mr. Scott alleged by affidavit no facts which would support a finding of extrajudicial and personal bias of this court. Mr. Scott's allegations relate to credibility determinations by this court as fact finder. As the facts which Mr. Scott relates in his affidavit relate only to the testimony of himself and one other witness on a single occasion in a case which has included numerous hearing, pleadings and rulings by the undersigned, Mr. Scott has also failed to show pervasive evidence of bias by the undersigned.

Therefore, Mr. Scott's motion for disqualification is denied.

Denial of Mr. Scott's motion for disqualification moots his motion to stay the proceedings. Likewise, the denial at least impliedly moots Mr. Scott's motion to strike. The testimony of R.W. Whisman is found to be credible and relevant. Mr. Scott alleged no grounds sufficient to require that R.W. Whisman's testimony be stricken. Accordingly, it is hereby

ORDERED that the motion of Vincent J. Scott to disqualify the court for bias, to stay the proceedings and to strike the testimony of R.W. Whisman is denied.

IT IS SO ORDERED.

---

**1.** *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981), renders decisions of the Fifth Circuit issued prior to September 30, 1981, binding precedent for the Eleventh Circuit.

**2.** *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981), renders decisions of the Fifth Circuit issued prior to September 30, 1981, binding precedent for the Eleventh Circuit.